UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS RAMON VARGAS VILLA (A 216-301-731),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-08126-TLN-CSK

FINDINGS & RECOMMENDATIONS

Petitioner Luis Ramon Vargas Villa (A 216-301-731), a native and citizen of Mexico who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In October 2017, petitioner was paroled into the United States. On May 7, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials after a criminal arrest. This habeas action concerns petitioner's 2026 detention. For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be granted.

## I. FACTUAL BACKGROUND

In October 2017, petitioner, who was a minor at the time, arrived in the United States with his mother and additional family members. (ECF No. 7-2; see also ECF No. 7-5 (showing petitioner as a rider of his mother Maria Luz Villa Palominos).) The family was paroled into the United States pursuant to 8 U.S.C. § 182(d)(5), charged administratively under 8 U.S.C.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

§ 1182(a)(7)(A)(i)(I), and placed in removal proceedings. (ECF No. 7-2.) An immigration judge administratively closed removal proceedings in 2023. (ECF No. 7-1 at 2.) On May 5, 2026, petitioner was arrested and charged under Cal. Penal Code §496D(a), possession of a stolen vehicle. (ECF No. 7-4.) On May 7, 2026, ICE detained petitioner as he left Tehama County Jail. (ECF No. 7-1 at 2.) An immigration judge re-calendared removal proceedings on June 1, 2026. (ECF No. 7-5.) At a custody redetermination hearing on October 14, 2026, an immigration judge found that the court lacked jurisdiction to consider bond because petitioner was classified as an "arriving alien," and made an alternative finding that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E). (ECF No. 7-3 at 3.) The immigration judge did not make any finding regarding danger to the community or risk of flight. (Id.; see also ECF No. 8.)

## II. PROCEDURAL BACKGROUND

On October 2, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On October 6, 2026, the district judge referred the matter to the assigned magistrate judge for all further proceedings and prohibited respondent from transferring petition out of this district. (ECF No. 3.) On October 7, 2026, respondent timely filed an answer to the petition. (ECF No. 7.) Petitioner did not file a reply/traverse. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner claims that his prolonged detention violates the Fifth Amendment procedural due process clause. Respondent asserts that petitioner's detention governed by the mandatory detention provisions of both 8 U.S.C. § 1225(b) and § 1226(c). (ECF No. 7.)

### A. Due Process Claim (Claim One)

In analyzing petitioner's challenge to his detention, the Court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondent's contention that petitioner is detained under 8 U.S.C. §1225(b) is incorrect. Courts in this district and other districts have previously found that a noncitizen paroled under § 1182(d)(5)(A) cannot be legally detained pursuant to § 1225(b)(1)(B)(ii). See, e.g., Singh v. Albarran, No. 1:25-cv-01821-DAD-SCR, 2025 WL 3640678, at 2 (E.D. Cal. Dec. 16, 2025) (citing N.A. v. Larose, No. 25-cv-02384-RSH-BLM, 2025 WL 2841989, at 6 (S.D. Cal. Oct. 7, 2025)). As stated in Amaya-Quinteros v. Corecivic, Inc., No. 1:25-cv-1672-AC, 2025 WL 3687642, at 10-11 (E.D. Cal. Dec. 19, 2025), "under the plain text, for § 1225(b)(1) to apply, a noncitizen must be actively coming or attempting to come *into* the United States." By the time petitioner was detained, he had already been paroled into the United States and present for nearly 10 years.

For the purposes of this habeas petition, the Court finds that petitioner is, however, subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E). In January 2025, the Laken Riley Act amended § 1226(c) to add a new category of noncitizens ineligible for release under § 1226(a), including noncitizens deemed inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) or 1182(a)(7)(A)(i)(I) and who are "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(i), (ii). Petitioner is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (ECF No. 7-2) and has been arrested for a crime relating to larceny. (See ECF No. 7-4 at 5 (showing a pending charge under Cal. Penal Code § 496D(a) (possession of a stolen vehicle), which falls under Chapter 5's larceny

crimes).)

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018). This does not end the inquiry, however, because petitioner has raised a due process claim.[2] While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and

[2] Respondent argues that petitioner is not entitled to the Fifth Amendment's due process protections because he is covered by the "entry fiction." (ECF No. 7 at 2 (citing Padilla v. U.S. Immigration & Customs Enforcement, No. 24-2801, __F.4th __, 2026 WL 2822044, at *15 (9th Cir. Sept. 21, 2026).) As discussed above, petitioner has been present in the U.S. for over ten years and is no longer properly classified as an arriving alien nor one to whom the "entry fiction" would apply.

Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-1669 RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 693).

The Court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained for over six

months since May 2026 and faces prolonged detention through the remainder of removal proceedings, including potential appeal to the BIA and further potential judicial review. This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the Court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[3] Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's

---

[3] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Mathews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The length of future detention is unknown and prolonged, as removal proceedings remain pending and could become subject to BIA appeal and further judicial review. In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government. The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained since May 2026 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community.[4] It is not this Court's role to determine whether petitioner is a danger or flight risk.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for over six months, removal proceedings remain pending, and the length of his future detention is unknown where further judicial review is available. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

---

[4] Though petitioner was given a hearing in October 2026, the immigration judge declined to evaluate whether petitioner presented a danger to the community or risk of flight. (See ECF No. 8.)

## VI. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondent be ordered to provide petitioner Luis Ramon Vargas Villa (A 216-301-731) with a constitutionally adequate bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondent bears the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondent must provide notice to petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing. If a bond hearing is not held within 14 days, petitioner shall be immediately released.
3. Because petitioner is proceeding pro se, respondent be further directed to file a status report within **seven (7) days** from the date of the bond hearing.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

11/varg8126.157.2241.imm